**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0098n.06**
**Filed: February 8, 2005**

**No. 03-4239**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| GEOFFREY GRONEK, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| WESCO DISTRIBUTION, INC., | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellee. | ) | |

Before: SUHRHEINRICH, ROGERS, and COOK, Circuit Judges.

COOK, Circuit Judge. Geoffrey Gronek appeals the district court's grant of summary judgment in favor of WESCO on his age-discrimination claim under the Age Discrimination in Employment Act. Because Gronek fails to raise a genuine factual dispute that Gronek discriminated against him because of his age, we affirm.

I.

Gronek's employment with WESCO ended when WESCO terminated him as part of what Gronek concedes constituted an economically-motivated reduction in force. Gronek was forty-nine years old at the time of the termination. WESCO's RIF also resulted in the termination of twenty-year-old Amy Adams.

No. 03-4239
*Gronek v. WESCO Distrib., Inc.*

Though Gronek acknowledges the economic basis for the RIF, he contends that his age motivated WESCO's decision to terminate him. He filed a charge with the Equal Employment Opportunity Commission and later initiated this action alleging that WESCO violated the ADEA. The district court declined to reach the merits of Gronek's ADEA claim and, instead, granted summary judgment on the basis that Gronek's non-cooperation with the EEOC's investigation constituted failure to exhaust administrative remedies.

Gronek challenges the district court's conclusion that he failed to exhaust administrative remedies, alleging that exhaustion requires only filing a claim with the EEOC and waiting the statutorily prescribed period before filing suit. WESCO defends the district court's determination, but maintains in the alternative that Gronek's claim fails on the merits. Because we can readily resolve this case on the merits, we need not consider whether Gronek failed to exhaust his administrative remedies.

II.

Gronek concedes that he must satisfy the heightened burden applicable to reduction in force cases to establish a prima facie case of age discrimination. Thus, he must not only demonstrate that he is member of the protected class, was subjected to an adverse employment action, and was qualified for the particular position, but must also "present additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled [him] out … for discharge for impermissible reasons." *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 371 (6th Cir. 1999)

- 2 -

No. 03-4239
*Gronek v. WESCO Distrib., Inc.*

(citation and internal quotation marks omitted). Under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applicable to ADEA claims, if Gronek makes out a prima facie case, the burden shifts to WESCO to "produce evidence of a non-discriminatory reason for its action, which will necessarily be the alleged reduction in force." *Godfredson*, 173 F.3d at 371. "The burden then returns to [Gronek] to demonstrate that [WESCO's] proffered reason is pretextual." *Id*.

Even if Gronek could establish a prima facie case of age discrimination, his failure to present evidence sufficient to show pretext is fatal to his claim. As purported evidence that age motivated WESCO's decision to terminate him, Gronek points to WESCO's decision to hire two younger employees for available positions—several months after his termination—instead of recalling him.[1] But "we have held that '[w]here an employer reduces his workforce for economic reasons, it incurs no duty to transfer an employee to another position within the company.' A fortiori, an employer has no duty to recall laid-off employees when a new position opens up." *Almond v. ABB Indus. Sys., Inc.*, 56 Fed. Appx. 672, 678 (6th Cir. 2003) (alteration in original) (citation omitted). And Gronek fails to provide us with any information, such as the relative qualifications of employees or the pool of applicants from which WESCO selected them, to permit us to infer discrimination from the ages

---

[1]Contrary to WESCO's characterization, we do not construe Gronek's allegations regarding WESCO's later hiring decisions as asserting an independent claim for relief. Instead, we interpret such allegations as purported circumstantial evidence that Gronek's age motivated WESCO's decision to terminate him. To the extent that Gronek did intend to allege a separate "failure to rehire" claim, we agree that Gronek's failure to raise such claim in the district court precludes him from raising it here.

of the employees hired after his termination. *See Simpson v. Midland-Ross Corp.*, 823 F.2d 937, 943-44 (6th Cir. 1987) (finding that statistical evidence regarding the age of employees hired following the plaintiff's discharge lacked probative value absent additional information from which to infer discrimination). Nor has Gronek alleged that WESCO treated Adams, only twenty when she was terminated, any differently than it treated him. Thus, Gronek's evidence amounts to little more than "mere conclusory allegations [,which] do not suffice to prove intentional discrimination based on age." *Id.* at 941.

### III.

Because Gronek fails to raise a genuine issue regarding whether the reduction in force was a pretext for age discrimination, we affirm the district court's grant of summary judgment in favor of WESCO.